**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLIFFORD BOND, *et al.*,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-8249** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**Judge Juan R. Sánchez** **November 4, 2026**

Plaintiffs Clifford Bond and Lorraine Bond of Hardeeville, South Carolina, ask the Court to review evidence related to and litigation arising from the MOVE bombing that occurred over four decades ago in Philadelphia.[1] Because the Court lacks jurisdiction, the case will be dismissed.

## I. FACTUAL ALLEGATIONS[2]

The Bonds initiated this civil action by submitting a document to the Court titled "Notice – Executive Federal Packet" purporting to be "submitted in the interest of justice and as a courtesy to the United States of America." (Compl. (ECF No. 1) at 1.) The Clerk's Office construed the filing as a civil Complaint, *see* Fed. R. Civ. P. 5(d)(4), and opened a new civil action, which was assigned to the undersigned. The filing seeks a "judicial consideration of the

---

[1] *See generally In re City of Philadelphia Litig.*, 49 F.3d 945, 949-52 (3d Cir. 1995) (providing history of the MOVE bombing).

[2] The following allegations are taken from the Bonds' submission to this Court. (ECF No. 1.) The Court adopts the sequential pagination supplied to the filing by the CM/ECF docketing system.

historical record, prior proceedings, exhibits, and asserted governmental responsibility" related to the MOVE bombing. (Compl. at 1.)

The Bonds acknowledge that their filing "does not commence a civil action by itself, does not join parties, and is not a substitute for a complaint," (*id.* at 2), but they nevertheless seek "preservation of the record, judicial review, enforcement-related relief, and other such relief as may be authorized by law, (*id.* at 1). They intend to file a "forthcoming federal civil action" in the future. (*Id.* at 2.) In advance of their future lawsuit, they essentially ask this Court to review prior cases and "evidence," presumably to assist them with their future filing. (*Id.* at 3-4; *see also id.* at 5 (asking the Court to prepare a "judgment-by-judgment" chart).) Although unclear, it appears they seek reparations. (*Id.* at 17.)

## II. STANDARD OF REVIEW

The Bonds did not pay the fee to commence this civil action, nor did they seek leave to proceed *in forma pauperis*. Nevertheless, a district court may take a "flexible approach" and screen a complaint even before a fee is paid or *in forma pauperis* status is granted. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*). This approach "permits courts to move early to screen complaints in order to conserve judicial resources." *Id.*; *see also Nah v. Carvana Co.*, No. 25-2138, 2025 WL 2952788, at *1 (3d Cir. Oct. 20, 2025) (*per curiam*) (endorsing district court's dismissal of complaint as frivolous under § 1915(e)(2)(B)(i) without granting *in forma pauperis* status where *in forma pauperis* application was unclear). Furthermore, the Court must dismiss a Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Jurisdictional [issues] . . . 'may be raised at any time' and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (quoting

*Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

## III. DISCUSSION

The overarching issue with the Bonds' filing is that they never intended to pursue a civil action by submitting their filing to the Court. Rather, their filing essentially asks the Court to undertake a review of other cases related to the MOVE bombing and underlying evidence, and to draw definitive conclusions about historical events, apparently to assist them with their forthcoming complaint. This request is improper; the Court cannot serve as a lawyer for the Bonds. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) ("[C]ourts need not provide substantive legal advice to pro se litigants."); *id.* at 246 ("[P]ro se litigants do not have a right—constitutional, statutory, or otherwise—to receive how-to legal manuals from judges."). Nor can the Court conduct an investigation into the MOVE bombing and related matters, or order other agencies to do so. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Murse v. Murse*, No. 24-1057, 2024 WL 1739295, at *1 (3d Cir. Apr. 23, 2024) (*per curiam*) ("[T]he District Court properly concluded that it lacks authority to compel an investigation by a law enforcement agency." (footnote and citation omitted)); *Risis v. Solakian*, No. 23-4188, 2024 WL 5039755, at *4 (D.N.J. Dec. 6, 2024) ("[T]his Court does not have the authority to order a federal criminal or civil investigation."). Even liberally construing the filing as a Complaint, it does not set forth a clear basis for a timely claim within the Court's jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its

agencies from suit."); *In re Afr.-Am. Slave Descendants Litig.*, 471 F.3d 754, 758 (7th Cir. 2006) (suggesting without deciding that the political question doctrine would likely preclude the federal courts from hearing "[a] case that sought reparations for the wrong of slavery" and concluding that many plaintiffs lacked standing to sue because of speculative chain of causation from a legal perspective); *Vance v. Gov't of United States*, No. 20-02391, 2021 WL 3563100, at *3 (M.D. Pa. June 28, 2021) (following the Seventh Circuit's approach and dismissing claims raised by ancestors of enslaved persons against the United States for lack of jurisdiction), *report and recommendation adopted sub nom. Vance v. Gov't of United States of N. Am.*, No. 20-02391, 2021 WL 3545282 (M.D. Pa. Aug. 11, 2021).

## IV. CONCLUSION

The case will be dismissed because the Court lacks jurisdiction. Leave to amend will not be given, because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.